IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL WHITE,

                Petitioner,

                                    CIVIL ACTION
      vs.                          No. 10-3222-RDR

CLAUDE CHESTER, et al.,

                Respondents.


MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by a federal prisoner. Petitioner challenges the determination of the federal Bureau of Prisons (BOP) that he is ineligible for early release following his completion of the Residential Drug Abuse Treatment Program (RDAP) because he was convicted of a firearm offense.

**Background**

Petitioner was convicted in the United States District Court for the District of Nebraska for the offenses of distribution of cocaine base and being a felon in possession of a firearm. He was sentenced to a term of 37 months for violation of 18 U.S.C. § 922(g)(1).

In March 2010, petitioner was interviewed for consideration

of his eligibility for the RDAP and for early release pursuant to 18 U.S.C. § 3621(e).  In April 2010, he was found ineligible for early release due to the conviction of a firearm offense and a prior conviction for robbery.  Petitioner was eligible to participate in RDAP, and he commenced that program in May 2010.

## Discussion

**History of RDAP**

Congress has determined that eligible federal prisoners must be provided with substance abuse treatment.  18 U.S.C. §3621.  In 1994, as part of the Violent Crime Control and Law Enforcement Act (VCCLEA), Publ. L. 103-322, § 32001 (1994), the statute was amended to require the BOP to provide residential substance abuse treatment for all eligible prisoners.  18 U.S.C. § 3621(e)(1)(C).  As incentive, the statute provides that those who complete the course of treatment may be granted a reduction of up to one year in the term of incarceration.  *See* 18 U.S.C. § 3621(e)(2)(B).

Following the 1994 amendment to § 3621, the BOP developed regulations setting out the procedures to determine early release eligibility.  Because the statute did not define the term "nonviolent offense", the BOP initially used the definition of "crime of violence" found in 18 U.S.C. § 924(c)(3) to determine eligibility for early release.  60 Fed. Reg. 27695

2

(May 25, 1995).

Thereafter, the BOP developed its Program Statement 5162.02 to implement the early release provision, but, in addition to inmates whose crimes fit the "crime of violence" criterion, the Program Statement excluded prisoners with convictions for felon in possession of a firearm under 18 U.S.C. § 922(g).  *See Lopez v. Davis*, 531 U.S. 230, 233-34 (2001).

In the wake of conflicting case law arising from challenges to the 1995 Rule and Program Statement 5162.02, the BOP issued an interim regulation in October 1997 that again excluded from early release those prisoners who possessed a firearm in their criminal conduct.  The 1997 rule was based upon the discretionary authority of the Director of the BOP to exclude categories of inmates from early release.  *See Lopez*, 531 U.S. at 235. Legal challenges to the categorical exclusion represented by the 1997 rule were resolved in the *Lopez* decision, which upheld the BOP's discretionary authority to narrow the class of inmates eligible for a reduction in incarceration.  *Lopez*, 531 U.S. at 239-41.  On December 22, 2000, after notice and comment, the BOP developed a final regulation which adopted the 1997 interim rule.  65 Fed. Reg. 80745-80749.

In March 2009, the BOP developed new rules and reorganized the RDAP regulations.  74 Fed. Reg. 1892-99.

3

Accordingly, after the 2000 rule and prior to the March 2009 rules, an inmate's eligibility for early release was determined by reference to 28 C.F.R. § 550.58 and Program Statement 5162.04. At that time, § 550.58(a) provided, in part, as follows:

> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:...
>
> (vi) Inmates whose current offense is a felony:
> (A) That has as an element, the actual, attempted, or threatened use of physical force against the person or property of another, or
>
> (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device), or
>
> (C) That by its nature or conduct presents a serious potential risk of physical force against the person or property of another.... 28 C.F.R. §550.58(a)(1)(vi)(A)-(D)(Dec. 22, 2000).

In addition, Program Statement 5162.04 provided guidance on whether a prisoner's current offense was a crime of violence that barred early release under § 3621(e), and if not, whether the current offense was one which the Director of the BOP had determined, in the exercise of discretion, barred early release.

Following the development of the March 2009 rules, a

4

prisoner's eligibility for early release was governed by 28 C.F.R. § 550.55, Program Statement 5331.02, *Early Release Procedures under 18 U.S.C. §3621(e)*, and Program Statement 5162.05, *Categorization of Offenses*.   Section 550.55 provides, in part:

> (b) Inmates not eligible for early release.  As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:...
>
>> (5) Inmates who have a current felony conviction for:
>>
>> (i) An offense that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another;
>>
>> (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);
>>
>> (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another....   28 C.F.R. §550.55(b)(5)(March 16, 2009).

Program Statement 5162.05, like its predecessor, requires first, consideration of whether the prisoner's offense conduct is a crime of violence which bars eligibility for early release for the prisoner under §3621(e), and second, whether the offense is one the Director of the BOP has determined bars eligibility for early release.

5

*Application*

Petitioner was found ineligible for early release based upon his commission of an offense punishable under 18 U.S.C. §922(g), Unlawful Transport of Firearms.    28 C.F.R. §550.55(b)(5)(ii) and (iii).

To the extent he seeks relief on the ground that this offense was not a "violent offense", the court finds that argument fails under the *Lopez* decision.   In *Lopez*, the United States Supreme Court determined that the BOP "reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision."   531 U.S. at 244.

The BOP's determination that petitioner was not entitled to early release eligibility due to his firearms offense must be sustained under *Lopez.*   The categorical exclusion of felons in possession of a firearm is a permissible exercise of the discretion by the BOP, and petitioner was convicted of such an offense.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

Copies of this order shall be transmitted to the parties.

6

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 16th day of November, 2011.


S/ Richard D. Rogers
RICHARD D. ROGERS
United States Senior District Judge